UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81325-CIV-MARRA

JULIO DE LA SANCHA,

    Plaintiff,

vs.

TACO BELL OF AMERICA, INC.

    Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Taco Bell of America, Inc.'s Amended Notice of Removal (DE 2), filed November 6, 2008.  The Court has carefully reviewed the court record and is otherwise fully advised in the premises.

Defendant removes this case, claiming this Court possesses subject matter jurisdiction based on diversity of citizenship and an amount in controversy that exceeds $75,000.00. (Notice of Removal ¶¶ 5-6.)  Defendant states that the amount in controversy exceeds $75,000.00 because

> . . . no cap was alleged as to damages.  Further, Plaintiff's Complaint seeks damages: for injury in and about his body and extremeties, physical pain and suffering, disfigurement, mental anguish, inconvenience, disability, loss of the capacity for the enjoyment [of] a normal life, and the expense of medical care.  Clearly, Plaintiff is seeking damages in excess of $75,000.00.

(Notice of Removal ¶ 6.)  Plaintiffs' state court complaint alleges damages in excess of $15,000. (State Court Compl. ¶ 1, attached to Notice of Removal.)

It is axiomatic that federal courts are courts of limited jurisdiction. Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir.2001).  Removal jurisdiction is

construed narrowly with all doubts resolved in favor of remand. See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  The removing party has the burden of demonstrating the propriety of removal.  Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996).  Federal courts have "an ever-present obligation to satisfy themselves of their subject matter jurisdiction" and the decision to address that issue sua sponte "applies equally in removal cases" Liberty Mutual Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995).  In diversity cases with an unspecified damages claim, the removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional minimum.  Tapscott v. MS. Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds, Office Depot v. Cohen, 204 F.3d 1069 (11th Cir. 2000).

      The Court finds that Defendant has not met its evidentiary burden regarding the amount in controversy requirement.  Defendant's belief that Plaintiff is seeking damages in excess of $75,000.00 is entirely speculative. Defendant has not provided any responses to requests for admissions, answers to interrogatories, medical bills or demand letters which demonstrate that Plaintiff's claim exceeds $75,000.00.   In other words, the Court cannot satisfy itself that diversity jurisdiction exists in this case.  Hence, the case must be remanded back to state court. See, e.g., Shuflita v. Target Corp., 2008 WL 4540995 (S.D. Fla. 2008).

      Accordingly, it is hereby **ORDERED AND ADJUDGED** that this matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach

County, Florida.  All pending motions are denied as moot and the clerk shall close the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of November, 2008.

_____
KENNETH A.  MARRA
United States District Judge