UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81325-CIV-MARRA

JULIO DE LA SANCHA,

    Plaintiff,

vs.

TACO BELL OF AMERICA, INC.

    Defendant.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court sua sponte. Federal courts have "an ever-present obligation to satisfy themselves of their subject matter jurisdiction" and the decision to address that issue sua sponte "applies equally in removal cases" Liberty Mutual Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995).

## Background

On November 1, 2008, Defendant Taco Bell ("Defendant") filed a Notice of Removal (DE 1), removing the case from state court on the basis of diversity jurisdiction. The case was assigned to Judge Marra and assigned case no. 08-81325-civ-Marra. On that same date, noticing that the wrong defendant was named in the Notice, Defendant filed an Amended Notice of Removal (DE 2), correcting Defendant's name. The case number and judge assignment remained unchanged.

Upon reviewing the Amended Notice of Removal, the Court determined that Defendant's belief that Plaintiff was seeking damages in excess of $75,000.00 was entirely speculative and

1

not supported by any record evidence presented to the Court. Therefore, the Court could not satisfy itself that it had diversity jurisdiction. Accordingly, on November 10, 2008, it entered a final order remanding the case back to state court and closing the case. (DE 3).

Defendant, in an attempt to re-remove the case back to federal court, pursued two avenues simultaneously: (1) Defendant filed a "Second Amended Notice of Removal" under case no. 08-81325-civ-Marra, attaching record evidence to support its allegations of at least $75,000.00 in controversy; and (2) filed a "Notice of Removal" as a new case in the Southern District of Florida, failing to indicate on the Civil Cover Sheet that the filing was a re-filed/related case. The new case was assigned to Judge Zloch and assigned case no. 08-81361-civ-Zloch.

Upon Judge Zloch's review of the Notice of Removal, the Court determined that diversity of citizenship was not apparent on the face of the Notice of Removal because the notice failed to allege the citizenship of the Plaintiff. The Court could not satisfy itself that it had diversity jurisdiction. Accordingly, on November 17, 2008, it also remanded the case back to state court and closed the case. (DE 2).

The Court (in case no. 08-81325-civ-Marra), concerned about whether it had jurisdiction over the matter in light of the fact that it had now been remanded twice, instructed the parties to file short memoranda of law on the issue, particularly in light of the holdings in <u>Burr & Forman v. Blair</u>, 470 F.3d 1019 (11th Cir. 2006); <u>Harris v. Blue Cross/Blue Shield of Alabama, Inc.</u>, 951 F.2d 325, 330 (11th Cir.1992); and <u>Corporate Management Advisors, Inc. v. Artjen Complexus, Inc.</u>, 2008 WL 4383040 (S.D. Fla. 2008).

Plaintiff, relying on the cases cited by the Court, argues that the district court has no

jurisdiction because it already remanded the claim to the state court after determining it lacked subject matter jurisdiction.

Defendant does not mention any of the cases cited by the Court. Defendant claims that Judge Zloch's final order of remand in case 08-81361-civ-Zloch is not applicable to the instant case, 08-81325-civ-Marra. However, Defendant ignores the critical fact that a final order of remand was already entered in the instant case (08-81325-civ-Marra, DE 3). Rather than taking the opportunity presented to distinguish the cases cited by the Court, Defendant's memorandum continues to argue that the elements of diversity jurisdiction exist, through reliance on record evidence not submitted to the Court when it filed its original notice and amended notice of removal (DE's 1,2).

**Discussion**

Regardless of any effect of Judge Zloch's final order of remand on the instant matter, the Court has no jurisdiction in this action (08-81325-civ-Marra). The Court already entered a final order of remand in this case, determining that the Court could not satisfy itself that it had diversity jurisdiction (08-81325-civ-Marra, DE 3). The successive removal petition does not allege a new or different ground for removal from the original removal petition. See Johnson v. America Online, Inc., 280 F.Supp.2d 1018, 1022 (N.D. Cal. 2003) ("To the extent that defendant argues that changed circumstances have made the basis for removal recently apparent, the present notice of removal does not run afoul of § 1447(d).").

Title 28 United States Code, Section 1447(d) prohibits review of a remand order "on appeal or otherwise." Furthermore, it is well established that § 1447(d) precludes "not only appellate review, but also reconsideration by the district court" of its own remand order. Harris v.

Blue Cross/Blue Shield of Alabama, Inc., 951 F.2d 325, 330 (11th Cir.1992) (quoting In re La Providencia Dev. Corp., 406 F.2d 251 (1st Cir. 1969)).  Because a second removal on the same grounds is, in essence, a request for review of a remand order by a district court, such removal "does not reinvest the court's jurisdiction."  Seedman v. United States District Court for the Central District of Florida, 837 F.2d 413, 414 (9th Cir. 1988).  See also Burr & Forman v. Blair, 470 F.3d 1019, 1034 (11th Cir. 2006) ("In remanding the case, the district court conceded that it lacked jurisdiction. The court was bound by this decision whether or not it was correct.").

A defendant is generally precluded from seeking a second removal on the same ground. S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996). See also Benson v. SI Handling Systems, Inc., 188 F.3d 780 (7th Cir. 1999). ("Multiple removals could encounter problems-could even lead to sanctions - if nothing of significance changes between the first and second tries.") (internal citation omitted).  However, a defendant is not precluded from filing a second notice of removal when there is a change of circumstances.  "A defendant who fails in an attempt to remove on the initial pleadings can file a removal petition **when subsequent pleadings or events reveal a new and different ground for removal**."  Johnson, 280 F.Supp.2d at 1022, quoting Kirkbride v. Continental Casualty Co., 933 F.2d 729, 732 (9th Cir.1991) (emphasis added). See Shields v. Washington Nat. Ins. Co., 375 F.Supp.2d 1346 (M.D. Ala. 2005) ("A court may not reconsider a prior remand order because of additional evidence, such as deposition testimony, which only adds evidentiary support to the previously submitted argument. Instead, there must be a new factual basis on which to determine the diversity jurisdiction issue.") (internal citation omitted).

Here, at the time the Court properly issued its final order of remand (DE 3 in Case No.

08-81325-civ-Marra), the Court lost jurisdiction over the matter. Corporate Management Advisors, Inc. v. Artjen Complexus, Inc., 2008 WL 4383040, *1 (S.D. Fla. 2008).  Defendant's Second Amended Notice Of Removal (DE 5), does not reinvest the Court with jurisdiction over the case because it does not allege a new or different ground for removal from the original removal petition. See Johnson, 280 F.Supp.2d at 1022.  Rather, it relies on evidence that predates the filing of the original notice of removal to support its claim that the amount in controversy exceeds $75,000.00.  Since Defendant's Second Amended Notice of Removal relies upon the same ground as its initial notice, and since the evidence upon which it relies existed at the time the initial notice was filed and rejected, it is hereby

**ORDERED AND ADJUDGED** that this matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.  All pending motions are denied as moot and the clerk shall close the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 4th day of December, 2008.

_____
KENNETH A.  MARRA
United States District Judge